1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
                            AT SEATTLE

9

10    BOBIDAWN COFFMAN,                    CASE NO. C12-5812JLR

11                    Plaintiff,           ORDER ADOPTING
                                           MAGISTRATE JUDGE'S
12              v.                         REPORT AND
                                           RECOMMENDATION
13    CAROLYN W. COLVIN,

14                    Defendant.

15                      **I.      INTRODUCTION**

16          This matter is before the court on the Report and Recommendation ("R&R") of

17    Magistrate Judge Brian A. Tsuchida affirming the Administrative Law Judge's ("ALJ")

18    decision to deny Plaintiff Bobidawn Coffman's application for Disability Insurance

19    Benefits and dismiss her complaint (*see* R&R (Dkt. # 20)) and Ms. Coffman's objections

20    thereto (*see* Obj. (Dkt. # 21)).  Having considered the foregoing, along with all

21    submissions filed in support and opposition thereto, the governing law, and the balance of

22    the record, the court ADOPTS the R&R (Dkt. # 20), AFFIRMS the decision of the ALJ,

DISMISSES Ms. Coffman's complaint, and ORDERS the Clerk to direct copies of this

Order to all counsel of record and to Magistrate Judge Tsuchida.

## II.   BACKGROUND

Ms. Coffman is 50 years old, has a general equivalency degree and one year of

college education, and has previously worked as a cashier, journeyman cashier, and a

salesperson.  On July 21, 2009, she applied for disability insurance benefits under the

Social Security Act, alleging disability as of June 10, 2006, due to fibromyalgia,

peripheral neuropathy of unknown etiology (pain and burning in both feet), and

depression, among other impairments.  Plaintiff's claims for disability were denied

initially and on reconsideration.  An Administrative Law Judge ("ALJ") held a hearing on

January 19, 2011, and subsequently found that Ms. Coffman was not disabled.  On July

12, 2012, the Appeals Council denied Ms. Coffman's request for review, rendering the

ALJ's decision the final decision of the Commissioner of the Social Security

Administration.  Plaintiff sought judicial review of the Commissioner's decision.  (*See*

Compl. (Dkt. # 3).)  On May 30, 2013, the Magistrate Judge issued an R&R affirming the

ALJ's decision and dismissing Ms. Coffman's complaint with prejudice.  (*See generally*

R&R.)  Ms. Coffman timely filed an objection to the R&R.  (Obj. (Dkt. # 21).)

## III.   ANALYSIS

### A.  Standard of Review

A district court has jurisdiction to review a Magistrate Judge's R&R on dispositive

matters.  Fed. R. Civ. P. 72(b).  "The district judge must determine de novo any part of

the magistrate judge's disposition that has been properly objected to."  *Id.*  "A judge of

ORDER- 2

1    the court may accept, reject, or modify, in whole or in part, the findings or

2    recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  The court

3    reviews de novo those portions of the report and recommendation to which specific

4    written objection is made.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.

5    2003) (en banc).  "The statute makes it clear that the district judge must review the

6    magistrate judge's findings and recommendations de novo if objection is made, but not

7    otherwise."  *Id.*

8         **B.  Plaintiff's Objection**

9         Ms. Coffman has limited her objection to Magistrate Judge Tsuchida's finding

10   "that the ALJ did not err in assessing the State Agency Consultants' opinions."  (Obj. at 1

11   (citing R&R at 7).)  Thus, this is the only portion of the R&R that is subject to the court's

12   review.  Specifically, Ms. Coffman asserts that "the medical opinions of state agency

13   consultants, Drs. Lysak and Comrie[,] contained in the Mental Residual Functional

14   Capacity Assessment ("MRFCA") form were not properly rejected by the ALJ and the

15   Magistrate's findings contain an error of law."  (*Id.* at 2.)  An ALJ must evaluate every

16   medical opinion in the record.  *See* 20 C.F.R. § 404.1527(c).  Additionally, "[i]f the RFC

17   assessment conflicts with an opinion from a medical source, the [ALJ] must explain why

18   the opinion was not adopted."  *See* Social Security Ruling ("SSR") 96–8p, 1996 WL

19   374184, at *7 (July 2, 1996).  The court, however, finds unpersuasive Ms. Coffman's

20   continued challenge to the ALJ's treatment of the MRFCA form for the reasons stated

21   below.

22

ORDER- 3

1    Section I of the MRFCA form, entitled "Summary Conclusions," consists of a

2    checklist or worksheet utilized by the psychiatrist or psychologist to ensure that the

3    psychiatrist or psychologist has considered each relevant mental activity.  *See* Program

4    Operations Manual System ("POMS") DI 25020.010(B)(1),  *available at*

5    https://secure.ssa.gov/apps10/poms.nsf/lnx/0425020010 .  Dr. Lysak identified several

6    areas in Section I in which he determined that Ms. Coffman is moderately limited.[1]

7    Section III of the MRFCA form, entitled "Functional Capacity Assessment," is the

8    narrative written by the psychiatrist or psychologist that adjudicators use as the

9    assessment of residual functional capacity ("RFC").  *See id.*  Citing Social Security

10    Ruling 96-5p,[2] Ms. Coffman argues that Section I of the MRFCA form is a "medical

11    source statement" and thus an "opinion," and that Section III of the MRFCA is not a

12    medical opinion, but rather an administrative finding.  (*See* Obj. at 2-3.)  Based on this

13    interpretation, Ms. Coffman argues that the ALJ should have addressed each checked box

14    or explained any rejection of a checked box in Section I and that the ALJ's failure to do

15    so was error.  (*See id.*)

16    _____

17    [1]Those areas include Ms. Coffman's ability to (1) remember locations and work-like
procedures, (2) carry out detailed instructions, (3) perform activities within a schedule, maintain
18    regular attendance, and be punctual within customary tolerances, (4) work in coordination with
or proximity to others without being distracted by them, (5) complete a normal work-day and
19    work-week without interruptions from psychologically-based symptoms and to perform at a
consistent pace without an unreasonable number and length of rest periods, (6) ask simple
20    questions, (7) accept instructions and respond appropriately to criticism from supervisors, (8) get
along with coworkers or peers without distracting them or exhibiting behavioral extremes, (9)
21    respond appropriately to changes in work settings, and (10) set realistic goals or make plans
independently of others.  (*See* Pl. Opening Br. (Dkt. # 17) at 4-5 (citing Dkt. # 12 at 354).)

22    [2] *See* SSR 96-5p, 1996 WL 374183 at * 2 (July 2, 1996),

ORDER- 4

1    Contrary to Ms. Coffman's assertions, however, her interpretation of the import of

2    Sections I and III of the MRFCA form finds no support in SSR 96-5p as the

3    Commissioner points out.  (*See* Resp. (Dkt. # 23) at 3.)  Specifically, SSR 96-5p states:

4         Medical and psychological consultants in the State agencies are
          adjudicators at the initial and reconsideration determination levels (except
5         in disability hearings--see 20 CFR 404.914 ff. and 416.1414 ff.). As such,
          they do not express opinions; they make findings of fact that become part
6         of the determination.   However, 20 CFR 404.1527(f) and 416.927(f)
          provide that, at the administrative law judge and Appeals Council levels of
7         the administrative review process, medical and psychological consultant
          findings about the nature and severity of an individual's impairment(s),
8         including any RFC assessments, become opinion evidence.  Adjudicators at
          these levels, including administrative law judges and the Appeals Council,
9         must consider these opinions as expert opinion evidence of nonexamining
          physicians and psychologists and must address the opinions in their
10        decisions.

11   SSR 96-5p, 1996 WL 374183 at *6 (July 2, 1996).  Thus, even if Section III of the

12   MRFCA form is initially considered an administrative finding of the RFC of a petitioner,

13   at the hearing level Section III is to be considered a medical opinion by the ALJ.

14        Further, the ALJ not only was required to address Section III because it was a

15   medical opinion, but also because the ALJ was instructed to rely upon Section III, rather

16   than the checkboxes of Section I, in accord with agency policy.  As explained in the

17   agency's Program Operations Manual, an ALJ properly focuses on the "narrative"

18   portion of the MRFCA form, rather than the "Summary Conclusions" portion.  *See*

19   Program Operations Manual System ("POMS") DI 25020.010(B)(1), *available at*

20   https://secure.ssa.gov/apps10/poms.nsf/lnx/0425020010.  The POMS provides:

21        The purpose of section I ("Summary Conclusion") on the SSA-4734-F4-
          SUP is chiefly to have a worksheet to ensure that the psychiatrist or
22        psychologist has considered each of these pertinent mental activities and

the claimant's or beneficiary's degree of limitation for sustaining these activities over a normal workday and workweek on an ongoing, appropriate, and independent basis. **It is the narrative** written by the psychiatrist or psychologist **in section III** ("Functional Capacity Assessment") of form SSA-4734-F4-SUP **that adjudicators are to use as the assessment of RFC.** Adjudicators must take the RFC assessment **in section III** and decide what significance the elements discussed in this RFC assessment have in terms of the person's ability to meet the mental demands of past work or other work.  This must be done carefully using the adjudicator's informed professional judgment.

*Id.* (bolding in original).  Although POMS "does not have the force of law," it "is persuasive authority."  *Warre v. Comm'r of the Soc. Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006).  Ms. Coffman provides no compelling argument to overcome the plain meaning of these instructions.  It is clear that the ALJ acted in accordance with the agency's established procedures when the ALJ relied on the narrative portion of the MRFCA form known as the Functional Capacity Assessment (Section III) rather than on the limitations recorded in the Summary Conclusions (Section I).

Numerous other courts have held likewise, including several within this district. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 636-37 (3d Cir. 2010) (finding no error where the ALJ accords little or no weight to a medical source's findings at Section I, explaining that Section I is simply part of a worksheet to aid the physician as contrasted with Section III, which reflects the RFC assessment, and further concluding that the claimant "cannot rely on the worksheet component" of a MRFCA form); *Sullivan v. Colvin*, No. 12-5147, 2013 WL 950970, at *3 (10th Cir. Mar. 13, 2013) (discussing similar instruction in POMS DI 24510.060 and finding no error in ALJ's failure to mention moderate limitations on performance indicated in Section I); *Jones v. Comm'r*

ORDER- 6

1   *of Soc. Sec.*, 478 F. App'x 610, 612 (11th Cir. 2012) (rejecting claimant's contention that

2   the ALJ should have accounted for the marked limitations the medical source identified

3   in Section I of a MRFCA form, explaining that the boxes checked in Section I "are only

4   part of a worksheet that does not constitute the doctors' actual RFC assessment"); *Riley v.*

5   *Astrue*, No. C11-5318-TSZ-MAT, 2012 WL 628540, at *8 (W.D. Wash. Feb. 7, 2012)

6   ("[T]he ALJ acted in accord with the agency's established procedures when he relied on

7   the narrative portion of [the doctor's] opinion set forth in the Functional Capacity

8   Assessment rather than the limitations recorded in the Summary Conclusions section,"

9   and accordingly properly evaluated the doctor's opinion); *Aponte v. Astrue*, No. C11-

10  5671-JCC-BAT, 2012 WL 2882988, at *8 (W.D. Wash. June 7, 2012) (same); *Johnson v.*

11  *Astrue*, No. C11-5668-RAJ-JPD, 2012 WL 1932119, at *8-*9 (W.D. Wash. Apr. 30,

12  2012) (same); *Strong v. Astrue*, No. C11-5558-RSL, 2012 WL 993529, at *9-*10 (W.D.

13  Wash. Mar. 1, 2012) (same).

14        As the Magistrate Judge noted, the ALJ's RFC assessment reflects an appropriate

15  focus on the narrative portion of the MRFCA form.  The ALJ credited the restriction on

16  working with the general public, found that the restriction on simple, routine work was

17  not consistent with the medical evidence, and explained in other portions of her decision

18  why she found Ms. Coffman to be less limited as to concentration.  (*See* R&R at 8 (citing

19  Tr. at 15, 19-20).)  Accordingly, the ALJ properly evaluated Drs. Lysak and Comrie's

20  opinions by addressing the limitations found in the narrative portion of the MRFCA form,

21  and her decision explains why she credited one limitation and rejected others indentified

22

1   therein.  The court, therefore, denies Ms. Coffman's objection, adopts the R&R, affirms

2   the decision of the ALJ, and dismisses Ms. Coffman's complaint.

3   **IV.   CONCLUSION**

4         Based on the foregoing analysis, the court DENIES Ms. Coffman's objection (Dkt.

5   # 21), ADOPTS the R&R (Dkt. # 20), AFFIRMS the decision of the ALJ, DISMISSES

6   Ms. Coffman's complaint with prejudice, and ORDERS the Clerk to direct copies of this

7   Order to all counsel of record and to Magistrate Judge Tsuchida.

8         Dated this 10th day of July, 2013.

9

10

11  _____

12  JAMES L. ROBART
    United States District Judge

13

14

15

16

17

18

19

20

21

22

ORDER- 8